United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AvMed, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-21838-Civ-Scola |
| | ) |
| Transaction Applications Group, Inc., Defendant. | ) |

### Order Denying Motion for Preliminary Injunction

Now before the Court is the Plaintiff AvMed, Inc.'s motion for a preliminary injunction, in which Avmed requests that the Court enter an injunction compelling the Defendant Transaction Applications Group, Inc. ("NTT") to perform the contract. For the reasons set forth below, the Court **denies** AvMed's motion for a preliminary injunction (**ECF No. 6**).

### 1. Background

NTT is an IT services company that provides technology implementation services to clients who are changing their information technology systems. AvMed is a health insurer who contracted with NTT to "entirely transform AvMed's enterprise systems and information technology." (ECF No. 1 at ¶¶ 16-19.) According to AvMed, NTT demanded additional money to complete the already-agreed-upon work, and NTT also threatened to stop work if AvMed did not pay the additional money. (ECF No. 6 at 6-8.) According to NTT, AvMed changed the scope of the project agreed to in their contract, and therefore NTT demanded additional money merely to compensate it for its additional work. (ECF No. 25 at 5-10.) Now, AvMed requests that the Court enter an injunction compelling NTT to perform the work required for AvMed to "go live" on the anticipated date, which is July 1, 2020.

### 2. Legal Standard

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly" meets the burden of persuasion as to the four requisite elements. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). "Because a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule, and the Plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotations omitted). To obtain a preliminary injunction, the movant must show: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction

issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *All Care Nursing*, 887 F.2d at 1537.

### 3. Discussion

AvMed argues that, without the injunction, it will suffer irreparable harm in the form of future business and extensive monetary damages that cannot be recovered. Specifically, AvMed claims that it will suffer reputational harm with "corporate clients that are expecting AvMed to be able to deliver new lines of business and product options shortly following the July 1, 2020 'go live' date." (ECF No. 6 at 14.) AvMed also claims that its monetary damages constitute irreparable harm because its contract with NTT contains a limitation of damages provision. (*Id.* at 15.) The Court does not agree. AvMed has failed to demonstrate that either of the alleged harms that it would suffer without an injunction constitute irreparable injury.[1]

First, AvMed's potential loss of future business cannot be considered irreparable because that injury is too remote and contingent on possible future events. Irreparable harm "must be neither remote nor speculative, but actual and imminent." *Northeastern Florida Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990). A preliminary injunction "will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." 11A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2948.1 (3d ed.).

Here, AvMed states that it must meet the "go live" date "because several initiatives impacting several lines of business are all tied to and are dependent upon AvMed going live on the new enterprise system" by June 1, 2020. (ECF No. 6-2 at ¶ 12.) It also claims that, without going live on June 1, AvMed will be unable to certify compliance with a local business association's requirements. (ECF No. 6 at 14.) If it were to lose its certification with the business association, it would "have a downstream impact on AvMed's relationships with current and potential clients in the small group market who are heavily involved" with the association. (*Id.*) The possible loss of future business and the possible loss of some current business is not an irreparable harm because these harms are remote and contingent on third party decision making. *See Tropical Fruit Trading,*

---

[1] The Court need not address the other three elements—substantial likelihood of success on the merits, the public interest, and that the threatened injury outweighs whatever damage the proposed injunction may cause—because AvMed must meet the burden of persuasion as to all four elements in order to succeed on a motion for preliminary injunction.

*Inc. v. AgroFarms, LLC*, 2016 WL 4376747, *4 (S.D. Fla. Aug. 17, 2016) (Gayles, J.) ("a preliminary injunction will not be issued simply to prevent the **possibility** of some remote future injury," such as a "likelihood that Tropical will be run out of business") (emphasis in original). As NTT points out in its response, AvMed does not contend that it cannot continue to operate its business if the new platform is not live by July 1. (ECF No. 25 at 6.) Without demonstrating that the viability of its business would be seriously threatened without the issuance of an injunction, AvMed has not demonstrated irreparable harm. *See Pizza Fusion Holdings, Inc. v. Burton Holdings LLC*, 2015 WL 11197817, at *1 (S.D. Fla. February 2, 2015) (Plaintiff did not show that that "the viability of its business would be seriously threatened," and thus the only injury asserted is economic, which can be compensated through monetary damages). In short, the possibility that AvMed may lose some business from NTT's threatened breach is not an irreparable harm.

Second, AvMed's asserted harms caused by NTT's breach of contract (which the parties agree has not yet occurred) can be adequately compensated by money damages and are therefore not irreparable. Harm is considered irreparable only if it cannot be undone through monetary remedies. *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 2001). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Northeastern Florida Chapter of Ass'n of General Contractors*, 896 F.2d at 1285. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Id*. This is a contractual dispute that can be remedied in favor of one side or the other by an award of damages at a later date. Because the harm can be "undone through monetary remedies," the Court declines to find that the economic harm here is irreparable. *Id*.

AvMed nevertheless argues that the threatened monetary harm is irreparable here because its contract with NTT contains a limitation of damages provision. (ECF No. 6 at 15.) It cites no authority to support its proposition that an agreed-upon, contractual damages cap can transform an economic harm into irreparable injury. The cases cited are not analogous because they do not concern a contractual damages limitation provision. *See Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) (monetary damages were irreparable because they could not be recovered against a state agency due to Eleventh Amendment immunity); *Bonds v. Heyman*, 950 F. Supp. 1202, 1215 n. 15 (D.D.C. 1997) ("While the existence of a statutory damages cap should obviously not allow for the carte blanche awarding of injunctions, in this case it makes her injury that much more irreparable in light of the facts"). As

NTT points out in its response, this theory would allow contracting parties to manufacture irreparable harm by bargaining away its ability to recover 100% of any potential damages. (ECF No. 25 at 15.) In light of the lack of legal authority and common sense, AvMed's argument fails.

### 4. Conclusion

In sum, the Court **denies** AvMed's expedited motion for preliminary injunction (**ECF No. 6**).

**Done and ordered** at Miami, Florida, on May 15, 2020.

Robert N. Scola, Jr.
United States District Judge